# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXION POWER BATTERY MANUFACTURING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 07cv0224 |
| T&L SALES, INC.; BATTERYXPRESS, INC.; TURBOSTART MIDWEST, TURBOSTART BATTERYXPRESS, and WILLIAM STOUT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is the MOTION TO REOPEN PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WRITTEN DISCOVERY FILED APRIL 11, 2008, filed by Plaintiff (Document No. 30), the RESPONSE in opposition filed by Defendants (Document No. 34), and the REPLY BRIEF filed by Plaintiff (Document No. 36).

On April 11, 2008, Plaintiff filed its second Motion to Compel the Production of Written Discovery (Document No. 27), in which it requested, *inter alia*, financial documents, which include financial statements and tax returns for each Defendant from 2004 to 2007. By Text Order of April 14, 2008, the Court ordered Defendants to either "produce said documents OR respond with a brief in support on or before 4/18/08." A similar Order had previously been issued by the Court on October 15, 2007.

Apparently in response to the Order of April 14, 2008, Defendants forwarded certain documents to Plaintiff. However, Defendants did not produce all of the requested

documentation. (*See* Motion for an enumerated list of those documents which have not been produced by Defendants, ¶ 5 (a) - (e)).

Plaintiff has filed the instant motion in which it requests the Court to reopen its Motion to Compel based on the failure of Defendants to produce all of the requested documentation. In response, Defendants represent that T&L Sales, BatteryXpress, and William Stout are in "complete compliance with all discovery requests," despite having failed to produce all requested tax returns,[1] copies of existing profit and loss statements (but rather producing what appear to be newly-generated profit and loss statements prepared by William Stout), and receipts, customer purchasing records, customer identification, product purchasing information, costs, overhead, etc., with regard to the approximate sales of batteries with the TurboStart label.

Without doubt, Defendants have partially complied with the Order of April 14, 2008; however, it is clear that Defendants have continued to fail to produce certain financial documents. Accordingly, the Court will reopen Plaintiff's Motion to Compel Production of Written Discovery Filed April 11, 2008.

As an initial matter, each Defendant is **ORDERED** to execute and provide to Plaintiff on or before **June 6, 2008,** a fully completed Form 4506 Request for Copy of Tax Return forms, for submission by Plaintiff to the Internal Revenue Service.

As a result of Defendants having failed to produce typical business documents and

---

[1] According to Defendants certain requested tax returns cannot be produced because "T&L Sales did not file a tax return in 2004, and the 2007 return has not yet been filed, . . . William Stout did not file an individual tax return for any of the years 2004-2007; . . . and BatteryXpress did not file tax returns for the years 2004-2007." Response at ¶ ¶ 2 - 4.

any audited financial documentation, Defendant Stout and /or other designees for the other Defendants are hereby **ORDERED** to attend depositions to answer questions and produce documentation with regard to respective customer, sales, and finance information for the relevant time period. If such documentation does not exist, Defendants can verify the non-existence of this information under oath.

The Court finds that Plaintiff is entitled to any documentation which supports the alleged "calculation" prepared by Defendant Stout with regard to the approximate sales of batteries with the TurboStart label, *i.e.*, receipts, customer purchasing records, customer identification, product purchasing information, costs, overhead, etc. If Defendants contend that such documentation is "proprietary and confidential," a protective order can be entered into between the parties to protect any such "proprietary and confidential" information.

Lastly, the Court notes that failing to produce documentation because it is "not currently available or easily segregable" is not a recognized basis for the failure of Defendants to provide properly requested information.

In sum, Plaintiff's Motion to Compel Production of Written Discovery (Document No. 27) is **GRANTED** and Defendants are hereby **ORDERED** to provide full and complete answers to Plaintiff's Requests for Production of Documents and Things on or before **June 11, 2008.** No additional requests for an extension of time will be granted.

Plaintiff's request for an award of costs and expenses is **DENIED.**

So **ORDERED** this 28th day of May, 2008.

BY THE COURT:  
s/Terrence F. McVerry  
United States District Court Judge

cc: Alan S. Fellheimer, Esquire
Fellheimer & Eichen
Email: alan@fellheimer.net

John J. Jacko, III, Esquire
Fellheimer & Eichen
Email: john@fellheimer.net

Debra Z. Anderson, Esquire
Meyer, Unkovic & Scott LLP
Email: dza@muslaw.com

James R. Mall, Esquire
Meyer, Unkovic & Scott
Email: jrm@muslaw.com